# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CALVIN PRINCE REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-cv-2235-RWS |
| | ) |
| ST. LOUIS CITY JUSTICE CENTER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Calvin Prince Reed for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $2.67. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an affidavit and a Resident Funds Inquiry form showing an average monthly balance of $13.36. The Court will therefore assess an initial partial filing fee of $2.67, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se

complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. The sole named defendant is the St. Louis City Justice Center. Plaintiff alleges: "During the Holy Month of Ramadan, which started May 27, 2017, the Muslims were treated with disrespect and cruel and unusual punishment." (Docket No. 1 at 5). Plaintiff alleges that meals were served late. He also alleges that they often received "brown bag" dinners that consisted of two bologna sandwiches, tortilla chips, 2 baby carrots, and a piece of cake, which deprived them of proper protein and nutrients. He alleges that hot dinners were given after complaints were made about the brown bag meals, but one of the dinners did not look or smell edible. Finally, plaintiff alleges that he was not permitted to move to a different cell after he complained that explicit drawings and offensive writing on his cell wall hampered his ability to pray.

## Discussion

The complaint will be dismissed. Relevant precedent establishes that a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Therefore, plaintiff's claim against the St. Louis City Justice Center fails as a matter of law. *See Ballard v. Missouri*, Case No. 4:13-cv-528-JAR (E.D. Mo. Apr. 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities"); *see also Wallace v. St. Louis City Justice Ctr.*, Case No. 4:12-cv-2291-JAR

(E.D. Mo. Jul. 17, 2013) (dismissing claims against the St. Louis City Justice Center because it is not a suable entity).

Even if the Court were to construe the complaint as brought against the City of St. Louis and substitute the municipality as defendant, plaintiff's allegations would not state a claim of municipal liability. Liability under § 1983 may attach to a municipality if the constitutional violation resulted from: (1) an official municipal policy; (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978), *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989); *see also Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (explaining that under § 1983, the plaintiff must demonstrate either that the municipality had a policy or custom that caused the constitutional violation or that the municipality or a municipal employee exhibited deliberate indifference to the plaintiff's constitutional rights by failing to adequately train or supervise its employees). Here, the complaint contains no such allegations, and the Court will not assume facts not alleged. *See Stone*, 364 F.3d at 914-15 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $2.67 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of October, 2017.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE